UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RODOLFO ANTONIO LOPEZ, JR. ,

    Plaintiff,

v.                                                        Case No: 6:17-cv-941-Orl-18TBS

DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc 2). Upon review of the motion and Plaintiff's complaint (Doc. 1), I respectfully recommend that the motion be **DENIED and his complaint be DISMISSED** for lack of subject matter jurisdiction.

## Background

Plaintiff, appearing pro se, has filed a complaint against the United States Department of Veterans Affairs, stating that he "is entitled to disability compensation benefits awarded by the Defendant to this case, United States, Department of Veterans Affairs, under Title 38 U.S. Code, Part II, Chapter 11 Federal Regulations - Compensation for service connected disability." (Doc. 1 at 4). He "requests a disability rating according to previous cases within the Department of Veterans Affairs and according to the injury sustained and job loss due to injury." (Id.). He requests "back pay to the end of active duty service date of twenty third April of two thousand and six" and seeks a court order of compensatory benefits "in the amount of two hundred and six thousand nine hundred and sixty five dollars and twenty nine cents," according to the current and published disability

compensation rate table (Id.). Plaintiff asserts that the Court has federal question jurisdiction over this matter, relying on Title 38 of the United States Code, Compensation for Service Connected Disability. Accompanying Plaintiff's complaint is his application to proceed as a pauper, which lists no source of income over the past year.

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Plaintiff is seeking a disability rating from the VA. It is not clear whether he applied for such a rating and was unsuccessful or if he seeks the rating in this Court in the first instance. Regardless, Congress has set up an exclusive procedure for decisions involving veterans' benefits determinations. See the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. §501 *et seq.* Under the VJRA, the decision of the Secretary as to any "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits ... shall be final and conclusive and may not be reviewed

by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). As explained by the Eleventh Circuit:

> The VJRA does not completely eliminate judicial review of benefits decisions. Rather, determinations of the Secretary may be appealed to the Board of Veterans' Appeals ("Board"), whose ruling becomes the final decision of the Secretary. 38 U.S.C. § 7104(a). Decisions of the Board may then be reviewed exclusively by the U.S. Court of Appeals for Veterans Claims, an Article I court established by the VJRA. Id. §§ 7251, 7252(a), 7266(a). Decisions of the Court of Appeals for Veterans Claims are in turn appealable only to the U.S. Court of Appeals for the Federal Circuit. Id. § 7292(a), (c). The judgment of the Federal Circuit is then subject to review by the Supreme Court by writ of certiorari. Id. § 7292(c).

Milbauer v. United States, 587 F. App'x 587, 590 (11th Cir. 2014). This Court has no jurisdiction over appeals related to benefits decisions of the Secretary. Peeples v. United States Dep't of Veterans Affairs, No. 8:16-CV-528-T-23AAS, 2016 WL 7383357, at *3 (M.D. Fla. Nov. 30, 2016), *report and recommendation adopted in part,* No. 8:16-CV-528-T-23AAS, 2016 WL 7374552 (M.D. Fla. Dec. 20, 2016); Cheves v. Dep't of Veterans Affairs, 227 F. Supp. 2d 1237, 1246 (M.D. Fla. 2002) ("Even assuming that determinations made by the VA were wrong, the plaintiff may not bring this case in federal district court."). Consequently, Plaintiff's complaint for benefits is not cognizable in this Court, nor is it amenable to amendment to correct this deficiency.

## Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that the Court **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** this case without prejudice to prosecution administratively in the correct forum, but without leave to amend here.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 25, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties